## Will Cain v. The State.

No. 3583.   Decided February 14, 1906.

**1.—Theft—Information—Possession.**

Upon trial for theft where the allegation of the information was that the property was in P., and the proof showed that P. was the jailer and that the property in fact belonged to one who had been adjudged insane and sent from the jail to the asylum and who left the property with the jailer to keep until it was called for, the possession of the property was properly alleged.

**2.—Same—Charge Refused—Temporary Appropriation—Want of Fraudulent Intent.**

Upon a trial for theft where the evidence showed that the coat alleged to have been stolen was taken by defendant and worn to a party and left at a neighbor's, with declarations by defendant that the same belonged to P. and he was going to try and buy it from him; that some time thereafter defendant told P. that he had taken the coat, and that the rats had eaten it up, and P. insisted that he must account for the coat, and defendant told him where it was and that he merely wore it to the party, etc., it was error to have refused a requested charge that if the taking of the coat was for a mere temporary use with no purpose of permanently appropriating it, to acquit.

Appeal from the County Court of Rockwall.   Tried below before Hon. J. H. Chisholm.

Appeal from a conviction of theft; penalty, a fine of $25 and sixty days confinement in the county jail.

The opinion states the case.

*H. M. Wade,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of the theft of an overcoat, and his punishment fixed at sixty days imprisonment in the county jail, and a fine of $25; hence this appeal.

The allegation in the complaint and information is that the property was in the possession of R. M. Payne.   The proof shows that R. M. Payne was the jailer, and the coat in fact belonged to Prof. Ater, who had been adjudged insane, and sent from the jail to the asylum.   He and his wife had told Payne (the jailer) to keep possession of the coat until they called for it.   The possession was properly alleged.   Appellant objects and says there is a variance between the allegations and the proof, because the proof showed merely that the jailer's name was Roscoe Payne, and there was no evidence showing that he had a middle initial of "M."   On another trial, this can be obviated, so it is not necessary to discuss it.

Appellant excepted to the refusal of the court to give his special requested charges numbers 1 and 3.   These instructions present the question that he took the coat for temporary use and not to permanently appropriate the same.   The court failed to give any charge on this subject.

The only question is, was the evidence sufficient to require these requested special instructions. We think so. The evidence showed that the coat was taken by appellant from a valise in the jail, and worn to a negro party in the neighborhood; that appellant left the coat at another negro's, named Matthews, on his way back; that subsequently he told Matthews it was Payne's coat, and he was going to try to buy it from him.. About a month or six weeks after he had taken the coat, he told Payne he had taken it; and when Payne told him to bring it back he told him the rats had eaten it up. Payne told him he would have to account for the coat. He then told him he had it at Matthews, and would bring it back; that he merely took it to wear to the party. He did not bring it back; left Payne, and was working some twelve miles from his house. When he was arrested for the theft of this coat, the coat was restored. We think under these circumstances the requested charges, one or both, should have been given by the judge to the jury in order that they might pass upon appellant's defense of taking the coat for a mere temporary use, and with no purpose of permanently appropriating it. The judgment is reversed and the cause remanded.

*Reversed and remanded.*